*In re* KING'S ESTATE.

AUTOMOBILES — CONTRIBUTORY NEGLIGENCE — EVIDENCE — INTERSEC-
TIONS.
Finding that plaintiff motorist who saw defendant's car ap-
proaching an intersection, but continued to drive, with knowl-
edge that a collision might result, into the intersection where
the collision occurred was guilty of contributory negligence
*held,* amply supported by evidence.

Appeal from Lapeer; Cramton (Louis C.), J. Submitted January 11, 1939. (Docket No. 19, Calendar No. 40,276.) Decided March 9, 1939.

In the matter of the estate of Lee King, deceased. William Wilson presented his claim against the estate for personal injuries sustained in an automobile accident. Claim allowed. Estate appealed to cir-

cuit court.   Judgment for estate.   Claimant appeals.
Affirmed.

*Herbert W. Smith,* for claimant.

*Cook & Stipes,* for estate.

POTTER, J.   Plaintiff presented a claim against the
estate of Lee King, deceased, for damages to him-
self and his two sons, William Byrd Wilson aged
nine years, and Robert Wilson aged six years, aris-
ing out of an automobile collision at a highway inter-
section claimed to have been caused by the negli-
gence of King.   The administrator of deceased's
estate denied all negligence upon the part of Lee
King, deceased, and alleged that plaintiff was guilty
of contributory negligence.   In the circuit court, the
case was tried before the judge without a jury.   At
the conclusion of the testimony, the court entered
judgment for defendant estate, with costs.   Plaintiff
appeals, claiming the trial court erred in finding
plaintiff guilty of contributory negligence, in render-
ing judgment in favor of defendant estate, and in
not rendering judgment for plaintiff.

Plaintiff saw the King car approaching the inter-
section, had time to stop, but continued to drive,
with knowledge that a collision might result, into the
highway intersection where the collision occurred.
There was ample testimony to support the trial
court's finding of contributory negligence upon the
part of plaintiff.   Plaintiff was not entitled to re-
cover.

Judgment affirmed, with costs.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE,
CHANDLER, and McALLISTER, JJ., concurred.   NORTH,
J., took no part in this decision.